UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RANDY A. GREEN, and ) | Case No. 07-42423-705 |
| KRISTEN M. GREEN, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| 4200 LACLEDE CORPORATION, ) | **Adversary No. 07-4474-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| RANDY A. GREEN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Complaint to Declare Debt Nondischargeable, Defendant's Answer to Plaintiff's Complaint to Declare Debt Nondischargeable, and Plaintiff's Trial Brief. On January 13, 2009, a trial was held, at which Plaintiff appeared by counsel and Defendant appeared in person. Plaintiff offered Exhibit 4 into evidence, which is Plaintiff's Request for Admissions Directed to Defendant.[1] Exhibit 4 was admitted into evidence without objection. Pursuant to Rule 7036 of the Bankruptcy Code, incorporating Rule 36 of the Federal Rules of Civil Procedure, the Court takes as conclusively established the matters stated in Plaintiff's Request for Admissions. At the conclusion of the trial, the matter was taken under submission. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

On April 18, 2007, Debtor, Randy Green (hereinafter "Defendant") and his spouse, Kristen Green, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Defendant was a partial

---

[1] Defendant was served with Plaintiff's Request for Admissions Directed to Defendant on November 17, 2008, and did not submit a response.

owner and officer of Samz Construction and Development, Inc. (hereinafter "Samz"). Defendant also owned 100% of the stock in GCS Construction, Inc. (hereinafter "GCS").

On December 11, 2002, Samz entered into a construction contract (hereinafter "Contract") with 4200 Laclede Corporation (hereinafter "Plaintiff"). Under the Contract, Samz agreed to serve as contractor for the construction of certain units of a condominium development owned by Plaintiff. The Contract was known as a cost plus contract whereby Samz's compensation included the cost of materials and work performed by subcontractors plus a "Contractor's Fee" of $223,071.00, up to a maximum total payment of $3,963,705.00. Defendant acted as Samz's manager in charge of this construction project.

Defendant and his spouse also signed a personal guaranty of the obligations of Samz under the Contract. In so doing, on December 15, 2002, Defendant provided Plaintiff's agent with a signed Personal Financial Statement which alleged that Defendant and his spouse had a net worth of $4,352,511.00, including ownership without encumbrance of five (5) parcels of real estate. The value of GCS and Samz were also reported as $2,500,000.00 and $50,000.00, respectively, with Defendant's ownership interest in Samz valued at $25,000.00.

Pursuant to the Contract, Defendant submitted monthly Applications and Certificates for Payment to Plaintiff in connection with the project. The Applications and Certificates for Payment stated in part, "[T]he work covered by this Application for Payment has been completed in accordance with the Contract Documents and all amounts have been paid by the Contractor for Work for which previous Certificates of Payment were issued and payments received from the Owner, and that the current payment shown herein is now due." Upon receipt of the Applications and Certificates for Payment, Plaintiff made progress payments in the amounts requested, either directly to Samz or in joint checks to Samz and third parties.

Both the Personal Financial Statement and the monthly Applications and Certificates for Payment were false and/or misleading. The Personal Financial Statement was false in regard to

2

Defendant's ownership of four (4) of the five parcels of real estate listed; 4567 Swan, 4401 Mattis Road, the Coral Reef Condo and the Lake Ozark Condo. The real estate at 4567 Swan was actually owned by GCS.  The real estate at 4401 Mattis was owned by Samz or Irene Vineyard, Defendant's aunt. The Coral Reef Condo was owned by Irene Vineyard.  The Lake Ozark Condo was listed as being free of any encumbrance, but in fact, there was a $80,000 mortgage on the property.

The statements in the Personal Financial Statement as to Defendant's businesses, GCS and Samz, were also false.  On September 4, 2002, GCS was administratively dissolved by the Secretary of State of Missouri for failure to file an annual report.  GCS was never reinstated.  As of December 15, 2002, the total dollar amount of assets owned by Samz was zero.  Defendant did not inform Plaintiff of the dissolution of GCS or the fact that Samz had zero assets.   Further, the monthly Applications and Certificates for Payment contained false representations in that some of the work listed as complete was in fact not completed and some of the costs listed therein as paid to subcontractors had not been paid.

Throughout the life of the Contract, Plaintiff paid a total of $2,153,134.20; $995,407.07 was paid directly to Samz, and $1,157,727.13 was paid by joint checks to Samz and third parties.  On March 22, 2004, the Contract between the parties was terminated when the project was 56% complete.  At Contract termination, Samz was to be paid $124,919.79, a pro-rata portion of the Contractor's Fee for the percentage of the Contract performed.[2] However, post-termination, Plaintiff was obligated to pay $181,236.98 in mechanics' liens claims by subcontractors and materialmen who did not receive progress payments Samz claimed to have paid.

Litigation commenced in the Circuit Court of St. Louis County, Missouri (hereinafter "State Court") between Plaintiff and Defendant.  On October 31, 2006, the State Court entered judgment

---

[2]56% of the total Contractor's Fee of $223,071.00 is $124,919.79.

3

for Plaintiff and against Defendant and two other parties in the amount of $787,757.25,[3] with post-judgment interest of 12% per annum.

On November 19, 2007, Plaintiff filed a Complaint to Declare Debt Nondischargeable (hereinafter "the Complaint"). The Complaint alleged that Defendant had obtained money (1) by false pretenses, representations or actual fraud and (2) by false statements of financial condition. On April 3, 2008, Defendant filed an Answer to the Complaint.

Plaintiff claimed and Defendant admitted that statements in the Applications and Certificates for Payment were false and misleading. Plaintiff claimed and Defendant admitted that the false statements and certifications were made with the intent to deceive. Plaintiff asserted that Plaintiff relied on the false statements and certifications made by Defendant. Defendant admitted that reliance on the false statements and certifications was reasonable and justified. Defendant admitted that Plaintiff was damaged by false statements and certifications because progress payments were made in reliance on false statements when payment could have been withheld if the truth had been disclosed. Plaintiff further argued damages based on overpayment of Contractor's Fees and payment of mechanics' liens held by subcontractors and materialmen who should have been paid from progress payments.

Defendant is liable to Plaintiff for the State Court judgment in the amount of $787,757.25, with post-judgment interest of 12% per annum. Interest on the judgment of the State Court has accrued from entry of the judgment through the date of trial in this Court in the amount of $144,515.69. Interest continues to accrue on Defendant's obligation at a rate of 12% per annum. Additionally, Plaintiff incurred attorneys' fees and expenses of $15,949.64 pursuing this adversary proceeding. Plaintiff is requesting this entire amount, totaling $948,222.58 be declared

---

[3]The Judgment total of $787,757.25 for Plaintiff and against Defendant is the sum of $558,159.70 in overpayment to Samz based on Defendant's misrepresentations, $168,843.25 in pre-judgment interest and $60,754.30 in attorney's fees accrued in the State Court action.

4

nondischargable.

Plaintiff argues that Defendant's debt is nondischargeable because Defendant procured funds through fraud and misrepresentation by submitting a false Personal Financial Statement and false Applications and Certificates for Payment. Therefore, Plaintiff argues that the relief requested in the Complaint should be granted.

Defendant requests that Plaintiff's Complaint be dismissed. Defendant further requests that any debt allegedly owed by Defendant to Plaintiff be declared dischargable.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2007) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2007). Venue is proper in this District under 28 U.S.C. § 1409(a) (2007).

## CONCLUSIONS OF LAW

The issue here is whether Defendant's debt can be discharged if Defendant obtained money by fraud, misrepresentation, and false statements of financial condition by submitting a false Applications and Certificates for Payment and a false Personal Financial Statement. Pursuant to 11 U.S.C. § 523(a)(2)(A), false representations and fraud requires that:

(1) Debtor made false representations on behalf of himself or an insider;
(2) Debtor knew the representation was false when made;
(3) The representation was made with the intent and purpose to deceive creditor;
(4) Creditor justifiably relied on the representation; and
(5) Creditor was damaged as a result of the representation.

*In re Moen*, 238 B.R. 785 (8th Cir. B.A.P. 1999); *In re Grause*, 245 B.R. 95 (8th Cir. B.A.P. 2000).

Here, Defendant's submission of monthly Applications and Certificates for Payment to Plaintiff, which contained misrepresentations regarding amount of work completed and payment to subcontractors and materialmen, demonstrates that Defendant made false representations.

5

Defendant admitted that the statements within the Applications and Certificates for Payment were false and misleading.  Defendant was aware that submission of the Applications and Certificates for Payment was intended to deceive and extract payment from Plaintiff.  Plaintiff relied on Defendant's false representations and was damaged by paying Defendant money that was not owed to Defendant.  Plaintiff has proven fraud and false misrepresentation on the part of Defendant.

A false statement of financial condition under 11 U.S.C. § 523(a)(2)(B) requires proof that Debtor obtained money for himself or an insider by:

> (B) use of a statement in writing
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition
> (iii) on which the creditor to whom the debtor is liable for money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B);  *First Nat'l Bank v. Pontow*, 111 F.3d 604 (8th Cir. 1997).

Here, Defendant admitted that he knew his Personal Financial Statement contained false information when he submitted it.  Defendant's Personal Financial Statement indicated that the value of GCS and Samz was $2,500,000.00 and $50,000.00 respectively, with Defendant's ownership interest in Samz valued at $25,000.00. However, GCS had been dissolved due to failure to file an annual report and Samz had zero assets. The statement was materially false and related to Defendant's financial condition.  Also, Defendant was an insider because he owned 100% of GCS's stock and was a partial owner and an officer of Samz.

Plaintiff reasonably relied on the truthfulness of the information provided in the Personal Financial Statement. Further, Defendant admitted that the statements were intended to deceive Plaintiff.  Defendant's Personal Financial Statement was a false statement of financial condition. Plaintiff obtained a state court judgment in the amount of $787,757.25, with post-judgment interest that accrued from entry of the judgment through the date of trial in this Court in the amount of

$144,515.69, and attorneys' fees and expenses of $15,949.64 pursuing this adversary proceeding, for a total debt in the amount of $948,222.58 that is nondischargeable pursuant to Section 523(a)(2)(B).

By separate order, Judgment will be entered in favor of Plaintiff.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 19, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

4200 Laclede Corporation
c/o Murphy Wasinger, L.C.
1401 S. Brentwood, Suite 550
St. Louis, MO 63144

Randy and Kristen Green
4247 Sunnyview Dr.
St. Louis, MO 63128

David G. Wasinger
Murphy Wasinger, L.C.
1401 South Brentwood Blvd.
Suite 550
Saint Louis, MO 63144